# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\*\*\***

|  |  |
|---|---|
| DOUGLAS SEYMOUR,<br><br>                    Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT*, et al.,*<br><br>                    Defendants. | 2:20-cv-00937-RFB-VCF<br><br><br>**ORDER**<br><br>MOTIONS TO QUASH [ECF NOS. 37, 38, 39, AND 40] |

Plaintiff Douglas Seymour moves to quash deposition subpoenas to Northwest Career College, Sunrise Hospital and Medical Center, University Medical Center, and the University of Nevada. ECF Nos. 37, 38, 39, and 40. I deny all the motions. ECF Nos. 37, 38 39, and 40.

## I.      Background

Plaintiff brings a civil rights case pursuant to 42 U.S.C. § 1983 involving his allegedly unlawful arrest and wrongful detention by defendant John Woodruff, a Caucasian male officer, formerly employed by the Las Vegas Metropolitan Police Department. ECF No. 1. He brings claims for: (1) unreasonable arrest and seizure, (2) a violation of substantive due process, (3) municipal liability for unconstitutional custom or policy (dismissed), (4) false arrest/false imprisonment, (5) negligence, and (6) intentional infliction of emotional distress. *Id*. Seymour asks for compensatory, general, and punitive damages. *Id*. Plaintiff argues that the subpoenas to NCC, SHMC, UMC, and UNR are not calculated to lead to the discovery of admissible evidence because all these subpoenas are related to his employment, which plaintiff contends is irrelevant, because he is not asserting a claim for past or future lost wages. ECF No. 37, 38, 39 and 40 at 2. Regarding the UNR subpoena, plaintiff argues there is no basis for

defendants to broadly request all his student files from UNR. ECF No. 40 at 2. Plaintiff also alleges that allowing defendants to access this information violates his right to privacy. ECF No 37, 38, 39, and 40 at 1.

Defendants argue that the plaintiff does not have standing to challenge the subpoenas as the subpoenas do not require disclosure of privileged information. ECF Nos. 41, 42, 43 and 44 at 1. Defendants argue in the alternative that even plaintiff has standing quash the subpoenas, he has not met his burden given that the requested documents are relevant to his IIED claim. *Id*. at 3. Plaintiff argues in his replies that the subject matter of the subpoenas are directly related to his privacy rights. ECF Nos. 49, 50, 51 and 52.

## II.    Analysis

Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena. See Fed. R. Civ. P. 45. Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that a Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). The party resisting discovery bears the burden of persuasion under Rule 45. See *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005); see also *SEC v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 U.S. Dist. LEXIS 34373, at 1 (D. Nev. Mar. 14, 2014).

The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). Modification of subpoena is generally preferred to outright quashing. *Linder v.*

2

1    *Calero-Portcarrero*, 180 F.R.D. 168 (D.D.C. 1998), aff'd, 251 F.3d 178, 346 U.S. App. D.C. 117, 49

2    Fed. R. Serv. 3d (Callaghan) 757 (D.C. Cir. 2001).

3        Plaintiff has not shown that the requested documents via the subpoenas to NCC, SHMC, UMC,

4    and UNR are protected by privilege and he does not have standing to quash the subpoenas based on

5    relevance. Even assuming arguendo that he has standing, I find that the requested information is likely

6    relevant to test plaintiff's IIED claim (i.e., whether there were other unrelated sources for plaintiff's

7    emotional distress) or the magnitude of the alleged distress. Plaintiff's privacy objections are also

8    insufficient, as they only make generalized or vague claims of privacy intrusions without reference to

9    any specific harms. Plaintiff also has not shown that his privacy interest outweighs defendants' need for

10    the documents given the plaintiff's IIED claim.

11        Plaintiff did not separately seek a protective order governing the treatment of information

12    deemed confidential; but since there is already a protective order in this case (ECF No. 30), I sua sponte

13    order the defendants to provide copies of any documents they receive per the subpoenas to the plaintiff. I

14    also order that the plaintiff has two weeks, after he receives copies of the documents, to designate which

15    documents are confidential per the protective order.

16        Accordingly,

17        I ORDER that  Douglas Seymour's motions to quash (ECF Nos. 37, 38 39, and 40), are

18    DENIED.

19        I FURTHER ORDER, *sua sponte*, that plaintiff may designate subpoenaed documents as

20    confidential in accordance with the protective order in force.  ECF No. 30.

21        DATED this 2nd day of September 2021.

22

23                        _____

                        CAM FERENBACH

24                        UNITED STATES MAGISTRATE JUDGE

25